OPINION
{¶ 1} Appellant Carl Matuszcsak, the natural father of Zachary Matuszcsak, appeals the judgment of the Stark County Common Pleas Court, Family Court Division, awarding permanent custody of Zachary to appellee the Stark County Department of Jobs and Family Services (SCDJFS):
 {¶ 2} "The judgment that the minor child cannot or should not be placed with appellant or mother was against the manifest weight and sufficiency of evidence.
 {¶ 3} "The judgment that the best interest of the minor child would be served by permanent custody was against the manfiest weight and sufficiency of evidence.
 {¶ 4} "Appellant was prejudicially deprived of his United States and Ohio constitutional rights to a fair trial due to the ineffective assistance of counsel."
 {¶ 5} Zachary Matuszcsak was born on November 3, 2000. On November 13, 2001, appellee filed a motion seeking permanent custody of Zachary, alleging neglect and abuse. On January 23, 2002, appellee amended the complaint to delete the prayer for permanent custody, and add a request for temporary custody. After receiving a stipulation from appellant and Ada Matuszcsak, Zachary's mother, the court found Zachary to be neglected and abused and granted temporary custody to appellee. The child remained in foster care, and on February 5, 2002, appellee filed a motion requesting an order from the court that appellee was not required to make reasonable efforts to prevent the removal of the child from his home, or to return the child to his home. Appellee presented evidence that the state of Massachusetts, in four separate cases, had permanently removed four children from Zachary's mother due to neglect and abuse, and had permanently removed one of the same children from appellant. On March 7, 2002, the court ruled that because the parents had their parental rights terminated with respect to a sibling of the child, appellee was not required to make reasonable efforts to return Zachary to his home.
 {¶ 6} Despite this ruling, appellee made available numerous services which, if utilized by the parents, may have led to reunification. At a review hearing on April 9, 2002, appellee presented evidence that mother was terminated from Quest, and from another drug and alcohol treatment program due to non-attendance, appellant was terminated from Nova Mental Health Services and Quest due to non-compliance, neither parent was utilizing the case management services available to them through Gateway Housing, where they were residing, and neither parent was employed.
 {¶ 7} At a review hearing on October 4, 2002, the evidence again reflected no progress by the parents in attempting to re-unify with Zachary. On October 10, 2002, appellee filed a motion for permanent custody.
 {¶ 8} The case proceeded to trial in the Stark County Common Pleas Court. Following trial, appellee was awarded permanent custody of Zachary.
 I {¶ 9} In his first assignment of error, appellant argues that the court erred in finding that the child should not be placed with appellant or with mother. Appellant argues initially that the court erred in ruling that the child was in the custody of appellee for twelve out of the prior twenty-two consecutive months. In fact, in the permanent custody entry, the court specifically finds that Zachary was not in the temporary custody of appellee for twelve of the last twenty-two months. Finding of Fact 14, page 4. Therefore, the court correctly determined that appellee was required to prove the child could not be placed with either parent within a reasonable time.
 {¶ 10} The court's finding that from the evidence presented, the parents would not be able to remedy the initial problems in this case anytime within the foreseeable future is supported by the evidence before the court. Both parents had prior involuntary terminations of parental rights. The court found that despite the fact that appellee was not required to make reasonable efforts to reunify, appellee had attempted to provide services to the family which might have led to reunification.
 {¶ 11} There was evidence that at the May 9, 2002, semi-annual review hearing, the court made findings that mother had been terminated from substance abuse treatment for non-compliance, was not employed, and was not in compliance with the recommendations concerning counseling. As to appellant, the evidence reflected that he was not in compliance with the mental health services or substance abuse treatment recommended to him, and had not established paternity. The court further found that while the parents had housing, they were not utilizing the case management services from the providers subsidizing their housing.
 {¶ 12} On October 4, 2002, less than three months before the permanent custody hearing, a second review hearing was held. At that time, mother remained terminated from services for non-compliance, and was not taking medications that were prescribed for her. The court found that appellant was not engaged with the services recommended for him. The court found that neither parent was employed, and housing remained an issue. The court found that despite not being required to do so, appellee continued to use reasonable efforts to reunite the family.
 {¶ 13} Based on prior involuntary termination of parental rights, and the failure of the parents to comply with the case plan objectives in the instant case, the court did not err in finding that the child could not be placed with either parent within a reasonable time.
 {¶ 14} The first assignment of error is overruled.
 II {¶ 15} Appellant next argues that the judgment finding that permanent custody was in the child's best interest is against the manifest weight of the evidence.
 {¶ 16} The evidence reflected that Zachary had no behavioral, developmental, or mental problems, and was placed in a foster-to-adopt home. The guardian ad litem recommended that permanent custody be granted to appellee for the sake of permanency and stability in Zachary's life. The guardian asserted that the parents had inherent intellectual, attitude, and psychological limitations that rendered reunification efforts meaningless. The evidence further reflected that visits between Zachary and his parents had been problematic. While the parents visited with him regularly, the visits were not used to demonstrate good parenting. Despite repeated warnings, mother would attempt to provide age-inappropriate food and drink to Zachary. She handled Zachary roughly, despite repeated admonitions from appellee's staff. When appellant would be offered suggestions and directives from the supervisory staff, he would become agitated and defensive. Some visits were interrupted by disputes between the parents.
 {¶ 17} The evidence further reflected that while there was a bond between Zachary and his biological parents, he was much more strongly bonded with his foster parents. The foster parents desired to adopt him, and had been approved as an adoptive home by appellee.
 {¶ 18} The court did not err in finding that it was in Zachary's best interest that appellee be awarded permanent custody, and in finding that the benefits of stability and permanence derived from granting the motion significantly outweighed the potential harm of severing the bond with the biological parents.
 {¶ 19} The second assignment of error is overruled.
 III {¶ 20} Appellant argues that counsel was ineffective during the hearing. In order to prevail on a claim, appellant must demonstrate counsel's performance fell below an objective standard of reasonable representation, and he was prejudiced by such performance. Strickland v.Washington (1984), 466 U.S. 668, 667; State v. Bradley (1989),42 Ohio St.3d 136. To demonstrate prejudice, appellant must show that but for counsel's errors, the result of the proceeding would have been different. Id.
 {¶ 21} Appellant argues that counsel was ineffective for failing to offer an opening and closing statement, for failing to question any witnesses or present any exhibits, and for failing to note an objection to the documents concerning the permanent custody proceedings in Massachusetts.
 {¶ 22} A review of the record demonstrates that all parties waived opening and closing statements. Opening and closing summations have no evidentiary value, and appellant cannot demonstrate prejudice in the instant case, where the matter was tried to the court.
 {¶ 23} Appellant's assertion that trial counsel failed to question any witnesses is not demonstrated by the record. The record reflects that counsel engaged in cross-examination of the only witness to testify at trial. Tr. 21-22.
 {¶ 24} Appellant's argument that counsel was ineffective by failing to present any evidence is not supported by the record. The record does not demonstrate what, if any, evidence exists which would have changed the result of the proceeding.
 {¶ 25} Finally, appellant argues that counsel should have objected to admission of certified court records concerning the termination of parental rights proceedings in Massachusetts. Appellant argues that counsel should have required authentication of the records prior to their admission. Evid.R. 902(4) states that extrinsic evidence of authenticity as a condition precedent to admission of certified copies of public records is not required. Appellant cannot show prejudice, as the Rules of Evidence clearly provide that these documents were self-authenticating.
 {¶ 26} The third assignment of error is overruled.
 {¶ 27} The judgment of the Stark County Common Pleas Court, Family Court Division, is affirmed.
 By Gwin, P.J., and Boggins, J., concur; Edwards, J., concurs separately.